IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAMEON G.,                          *
                                    *
            Plaintiff,              *
                                    *
      vs.                           *        Civil Action No. 8:23-cv-01809-TDC
                                    *
COMMISSIONER, SOCIAL SECURITY,      *
            Defendant.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * *

## REPORT AND RECOMENDATION

This case concerns an appeal from an unfavorable final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits. ECF No. 1. Pending before the Court is Plaintiff's unopposed Motion for Attorney's Fees under the Social Security Act ("Act"), 42 U.S.C. § 406(b), in the amount of $43,677.25, ECF Nos. 30, 31, referred to the undersigned by the Honorable Theodore D. Chuang for a Report and Recommendation, ECF No. 32. For the reasons explained below, I recommend that the Motion be granted in part: a fee should be awarded, but at the reduced amount of $28,000.00 to comport with the "reasonableness" requirement of 42 U.S.C. § 406(b).

This Court has awarded Plaintiff's attorney, Arjun K. Murahari, Esq., $4,700.00 for a total of 20 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 29. Plaintiff received an Award Notice, in which he was awarded $174,709.00 in past due benefits. ECF No. 30-3. Subsequently, Mr. Murahari filed a Motion in this Court, seeking $43,677.25 in attorney's fees. ECF No. 30. Mr. Murahari has agreed to reimburse Plaintiff in the amount of fees previously received. ECF No. 30-4; *see Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Murahari and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which he might become entitled. ECF No. 26-4. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted itemized reports documenting 20 chargeable hours he expended before this Court in Plaintiff's case. *See* ECF No. 26-8. If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $2,183.86 per hour. Mr. Murahari must therefore show that an effective rate of $2,183.86 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Murahari's typical hourly billing rate is $350. ECF No. 30-4. Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved contingency fee agreements for Mr. Murahari in successful Social Security appeals that produce much higher hourly rates than his typical hourly rate. *See Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2090, 2019 WL 3340738 (D. Md. July 25, 2019); *Kimberly B v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2519, 2019 WL 1559426 (D. Md. Apr. 10, 2019); *Matthew C. v. Comm'r, Soc. Sec. Admin.*, No. JMC-20-3240, 2023 WL 3043906 (D. Md. Apr. 21, 2023); *Gina S. v. Kijakazi*, No. 22-2775-MBAH, 2025 WL 2734092 (D. Md. Sept. 25, 2025). However, the requested rate is significantly higher than those awards. Instead, this Court believes that an hourly rate of $1,400.00, four times Mr. Murahari's typical hourly billing rate, is a reasonable rate in this case. A rate of $1,400.00 for 20 hours of work would result in a fee of $28,000.00, which is reasonable and should be approved.

## CONCLUSION

For the reasons set forth herein, it is recommended that the Court award Mr. Murahari attorney's fees totaling $28,000.00. Mr. Murahari should be directed to reimburse Plaintiff the fees Mr. Murahari received pursuant to the EAJA.

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).


Dated: March 9, 2026

_____/s/_____
Douglas R. Miller
United States Magistrate Judge